UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Virginia Berkley,                                                  Case No. 1:11-dp-20351

    Plaintiff,

v.                                                                 ORDER

DePuy Orthopaedics, Inc., et al.,

    Defendants.

On December 13, 2016, I granted the request of counsel for the Plaintiff to withdraw from this case and ordered the Plaintiff to notify the Court as to whether she intended to obtain new counsel or proceed pro se no later than January 31, 2017.  (Doc. No. 9 at 1).  Further, I notified Plaintiff that her case would be dismissed for want of prosecution if she did not respond by that date.  (*Id.*).  Plaintiff did not comply with this order.  Defendants have filed a motion to dismiss this case pursuant to Rule 41(a).  (Doc. No. 13).  The motion is unopposed.

Rule 41(b) permits a court to dismiss an action or a claim if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b).  In contemplating this course, the court must consider its "need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims" while also keeping in mind "the policy which favors disposition of cases on their merits." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

While a dismissal with prejudice admittedly is a harsh sanction, Plaintiff was on notice of the potential for such a result and she has taken no action in the intervening three years.  Therefore, I grant Defendants' motion to dismiss, (Doc. No. 13), and dismiss this case with prejudice.

So Ordered.

s/ Jeffrey J. Helmick   5/20/20
United States District Judge
